# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| ROBERT SHOREMAN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CV 211-171 |
| | * | |
| TIMOTHY GEITHNER, SECRETARY OF THE TREASURY, | * | |
| | * | |
| Defendant. | * | |

## ORDER

Presently before the Court is Defendant's unopposed "Motion to Dismiss Based upon Improper Venue or, in the Alternative, to Transfer, with Incorporated Brief in Support." Dkt. No. 10. For the reasons stated below, Defendant's motion is **GRANTED**.

Plaintiff's claims are asserted against his former employer, the IRS, and pertain to the conditions of Plaintiff's employment at the IRS Small Business/Self-Employed Division, South Atlantic Territory office in Jacksonville, Florida. Compl. 1, Dkt. No. 1. Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(3) for either dismissal or transfer of the action due to improper venue. Dkt. No. 10. Defendant contends that venue is improper in the Southern District of

Georgia and that Plaintiff's Complaint should be dismissed or transferred to the Middle District of Florida based on the Federal Rules of Civil Procedure and the specific venue provisions of Title VII.  Dkt. No. 10.

Plaintiff filed this lawsuit alleging employment discrimination in violation of Title VII and the Americans with Disabilities Act.  Defendant correctly points out that Plaintiff's disability claim is more accurately a claim under the Rehabilitation Act, 29 U.S.C. § 791 *et. seq.*, given that Plaintiff was a federal employee.  See Ellis v. England, 432 F.3d 1321, 1326 (11th Cir. 2005) ("The Rehabilitation Act prohibits federal agencies from discriminating in employment against individuals with disabilities").  In Rehabilitation Act cases, venue is governed by the Title VII venue provision, 42 U.S.C. § 2000e-5(f)(3).  See, e.g., Van Durr v. Geithner, 2012 WL 2890449, *1 (N.D. Fla. June 8, 2012) (transferring Rehabilitation Act suit against the IRS to proper district based on Title VII venue provision).  Furthermore, the specific venue provisions of Title VII are exclusive, and preempt all other venue provisions.  Pinson v. Rumsfeld, 192 F. App'x 811, 817 (11th Cir. 2006) (citing Stebbins v. State Farm Mut. Auto Ins., 413 F.2d 1100, 1102-03 (C.A.D.C 1969)).

Section 2000e-5(f)(3) establishes three venue options for Title VII claims.[1] Venue is proper:

> [I]n any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice.

The Southern District of Georgia is not the proper venue for this suit under any of the three prongs of § 2000e-5(f)(3). According to Plaintiff's Complaint, the alleged unlawful employment practices occurred in Florida, not Georgia. Further, there is no indication that any employment records relevant to the allegedly unlawful employment practices were maintained in the Southern District of Georgia. Finally, there is no indication that Plaintiff would have worked in the Southern District of Georgia but for the alleged unlawful employment practices.

On the other hand, a plain reading of Plaintiff's Complaint indicates that the alleged unlawful employment practices occurred at the IRS office in Jacksonville, Florida, which is located in the Middle District of Florida. Where a case is

---

[1] Section 2000e-5(f)(3) provides a fourth venue option as well. If the defendant cannot be haled into one of the first three districts, then venue is proper where the defendant has his principal office. See, e.g., Boutwell v. Advance Constr. Servs., Inc., 2007 WL 2988238 (S.D. Ala. Oct. 11, 2007) (holding that fourth venue option is inapplicable where the defendant can be haled into one of the first three venue options). Because there is no indication that Defendant Geithner cannot be haled into a proper venue based on the first three options, the fourth option is inapplicable.

filed in the wrong venue, a district court has discretion to either transfer the case to a district with good venue or dismiss the case. 28 U.S.C. § 1406(a); <u>Pinson</u>, 192 F. App'x at 817. In this case, the Court finds that, in the interest of justice, this case should be transferred to the Middle District of Florida, where venue is proper.

For the reasons stated above, Defendant's motion is **GRANTED** and the case is **TRANSFERRED** to the Middle District of Florida.

**SO ORDERED**, this 15th day of August, 2012.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA